UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY ALLRED,

       Plaintiff,                            Case No. 25-cv-13047
                                                Hon. Matthew F. Leitman

v.

DAVITA GROSSE POINTE
DIALYSIS CENTER, *et al.*,

       Defendants.

_____/

**ORDER (1) DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT, (2) DENYING PLAINTIFF'S MOTION FOR REASONABLE ACCOMMODATION (ECF No. 3) WITHOUT PREJUDICE, AND (3) DENYING PLAINTIFF'S MOTION FOR TRANSFER OF CARE (ECF No. 6) WITHOUT PREJUDICE**

On September 26, 2025, Plaintiff Jeffrey Allred, proceeding *pro se*, filed this civil action against Defendants DaVita Grosse Pointe Dialysis Center, DaVista State Fair Dialysis Center, DMC Harper Hospital, Corewell Health Beaumont Grosse Pointe Hospital, and Great Lakes LLC/Dialysis Care Center. (*See* Compl., ECF No. 1.) Allred's claims arise out of alleged mistreatment that Allred received while receiving dialysis care. (*See id.*) Allred has also filed two motions with the Court: (1) a motion for a reasonable accommodation due to alleged problems with his eyesight (ECF No. 3) and (2) an emergency motion to transfer his care to another dialysis center (ECF No. 6).

1

The Court has carefully reviewed Allred's filings. For the reasons explained below, the Court directs Allred to file a First Amended Complaint by no later than **November 3, 2025**, and it **DENIES** his pending motions **WITHOUT PREJUDICE**.

I

A

Allred is a resident of Wayne County, Michigan who receives "dialysis care and medical care at facilities operated by the Defendants." (Compl at ¶ 1, ECF No. 1, PageID.1.) In his Complaint, Allred makes only three purported factual allegations:

> 5. Plaintiff filed grievances concerning negligence and mistreatment. In retaliation, Defendants labeled Plaintiff a 'violent threat' without due process, isolating him and denying proper dialysis and medical care.
>
> 6. Plaintiff was subjected to religious discrimination, harassment, and emotional distress caused by Defendants' misconduct.
>
> 7. Defendants' actions contributed to Plaintiff suffering a stroke and continued harm.

(*Id.* at ¶¶ 5-7, PageID.2.) Allred seeks to bring claims against the Defendants based on those allegations under 42 U.S.C. § 1983 for violations of the First, Fourth, and Fourteenth Amendments, under the Americans with Disabilities Act, and under other federal statutes. (*See id.* at ¶¶ 8-11, PageID.2-3.)

B

There are several flaws with Allred's claims as currently pleaded that will require him to file an Amended Complaint. While the Court must liberally construe documents filed by *pro se* plaintiffs, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), a complaint must still plead sufficient specific factual allegations in support of each claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–679 (2009) (explaining that "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"). This pleading standard requires more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Allred's claims fail to meet those standards here. His limited factual allegations against the Defendants are conclusory and do not contain any specific factual allegations from which the Court can conclude that he has stated viable claims against any of the Defendants. His claims against the Defendants, as currently pleaded, are therefore not plausible. And while Allred has submitted many other documents to the Court, including nearly 40 pages of emails (*see* ECF No. 1,

3

PageID.4-40) and declarations (*see* ECF Nos. 2, 5), it is not the "duty" of this Court "to analyze attachments to [Allred's] complaint in order to speculate about the claims [Allred] may be attempting to bring." *Jindau v. Fitzgerald*, 230 F.3d 1358 (TABLE), at *1 (6th Cir. 2000).

Second, Allred's Complaint as currently pleaded suffers from a fatal group pleading problem. Allred seeks to bring claims against five different Defendants, but he has not included any allegations against any individual Defendant in particular. Instead, he refers to all of the Defendants collectively. Thus, it is impossible for the Court to determine which Defendant is alleged to have committed which act of alleged misconduct.

Third, it is not clear from the body of the Complaint what claims Allred is attempting to bring against the Defendants. For example, in paragraph three of the Complaint, Allred says that jurisdiction over this action arises from, among other things, "the Rehabilitation Act" and "HIPPA." (Compl. at ¶ 3, ECF No. 1, PageID.2.) But there are no Counts of the Complaint seeking to bring claims under either the Rehabilitation Act or HIPPA. Nor are there any factual allegations from which the Court could conclude that any Defendant violated either of those statutes. Thus, it is not clear whether Allred is actually bringing claims under those laws.

Finally, Allred seeks to bring claims against the Defendants under 42 U.S.C. § 1983. (*See id.* at ¶ 9, PageID.2.) "To prevail on a cause of action under § 1983, a

4

plaintiff must prove '(1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law.'" *Winkler v. Madison Cty.*, 893 F.3d 877, 890 (6th Cir. 2018) (quoting *Shadrick v. Hopkins Cty.*, 805 F.3d 724, 736 (6th Cir. 2015)). But here, none of the Defendants appear to be state actors, and Allred has not included any factual allegations from which the Court could conclude that any Defendant was "acting under the color of state law." Thus, Allred's constitutional claims do not appear to be plausible or viable.

For all of these reasons, the Court concludes that Allred's Complaint, as currently pleaded, does not state plausible claims against the Defendants. But rather than dismiss his Complaint at this point, the Court will instead provide Allred the opportunity to file a First Amended Complaint by no later than **November 3, 2025**. In that amended pleading, Allred shall include all factual allegations currently known to him that support his claims against the Defendants and that address the concerns that the Court raised above. In addition, for each Count that Allred seeks to bring against a particular Defendant, he shall plead facts showing, on a Defendant-by-Defendant basis, how that Defendant separately violated his rights with respect to that Count. Finally, to the extent that Allred seeks to bring constitutional claims against any Defendant, he shall plead facts showing how that Defendant acted under

the color of state law. If Allred does not file an Amended Complaint as directed above, the Court will dismiss his current Complaint without prejudice.

## II

The Court next turns to the two motions that Allred has filed with the Court. The Court begins with Allred's motion for a reasonable accommodation under the American with Disabilities Act. (*See* Mot., ECF No. 3.) In that motion, Allred says that he suffers from "cataracts and glaucoma, has had surgery on [his] left eye," and "experiences significant visual limitations which affect [his] ability to read and review documents in this case." (*Id.*, PageID.45.) He therefore asks the Court to "provide reader assistance or technological accommodations to ensure [he] can read filings, orders, and court records." (*Id.*)

The Court **DENIES** Allred's motion for an accommodation **WITHOUT PREJUDICE**. First, Allred has not provided any legal basis that would require the Court to provide such an accommodation, and it appears that federal courts are exempt from the requirements of the American with Disabilities Act under which Allred seeks relief. *See Roman v. Jefferson at Hollywood LP*, 495 F. App'x 804, 806 (9th Cir. 2012) (explaining that "[w]hile the Americans with Disabilities Act (ADA) requires state courts to make disability accommodations, the ADA does not apply to federal courts.") (citing 42 U.S.C. § 12131(1)(A)). Second, apart from what Allred says in his motion, the only evidence that Allred provides the Court in support of his

assertion that he suffers from a visual impairment disability is a September 24, 2025, letter from Dr. Anthony Curreri. (*See* ECF No. 3, PageID.47.) In that letter, Dr. Curreri says that (1) Allred is a patient under his care, (2) Allred "had cataract surgery on his left eye dated 02/12/2024," and (3) "[f]ollow-up appointments are scheduled to monitor the recovery of his vision." (*Id.*) But Dr. Curreri does not say that Allred is disabled; that Allred cannot read without the accommodations he has requested; or that Allred has a disabling visual impairment. He merely says that Allred had cataract surgery nearly 18-months ago and that Allred has follow-up appointments scheduled at some point in the future. Moreover, Allred's need for an accommodation is belied by the various filings he has presented to the Court in this action to date that Allred was apparently able to complete without the accommodation he has requested. Finally, Allred has not specifically identified for the Court what kind of accommodation he would like the Court to provide him. For all of these reasons, the Court is not currently persuaded that it is necessary or appropriate to provide him with an accommodation.

Finally, the Court **DENIES** Allred's motion to transfer care **WITHOUT PREJUDICE**. (*See* Mot., ECF No. 6.) In that motion, Allred asks the Court to "[i]ssue an emergency order directing immediate transfer of [Allred's] dialysis care to another qualified facility." (*Id.*, PageID.56.) Allred has not persuaded the Court that he is entitled to that relief. First, for all of the reasons explained above, the Court

7

is not yet persuaded that Allred has stated any viable claims against the Defendants, and unless and until Allred files a First Amended Complaint, he has not shown that he is entitled to any relief from this Court. Second, while Allred has supported this motion with a "master declaration," many of the claims made in that declaration are conclusory. For example, he says in his master declaration that he suffered "[h]arrassment and intimidation by staff" at Great Lakes LLC/Dialysis Care Center (ECF No. 5, PageID.54.) But he does not identify what the harassment was, when it occurred, or who specifically was acting in a harassing or intimidating manner. Simply put, the factual record currently before the Court does not support granting Allred the emergency relief he seeks. Finally, and most importantly, Allred has not provided any basis or legal authority from which the Court could conclude that it has any power to order the transfer of his care to another dialysis facility. Nor has Allred sufficiently explained why he cannot personally seek care at a different facility in the absence of a Court order. Thus, Allred has not shown that the remedy he seeks is available or necessary. For all of these reasons, the Court declines to grant Allred's motion to transfer care at this time.

## IV

For all of the reasons explained above, **IT IS HEREBY ORDERED** that:

- Allred shall file a First Amended Complaint as directed above by no later than **November 3, 2025**;

- Allred's motion for a reasonable accommodation (ECF No. 3) is **DENIED WITHOUT PREJUDICE**; and

- Allred's motion to transfer care (ECF No. 6) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated:  October 1, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 1, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan  
Case Manager  
(313) 234-5126