UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY ALLRED,

       Plaintiff,                              Case No. 25-cv-13047
                                                     Hon. Matthew F. Leitman

v.

DAVITA GROSSE POINTE
DIALYSIS CENTER, *et al.*,

       Defendants.

_____/

**<u>ORDER (1) GRANTING PLAINTIFF LEAVE TO FILE A THIRD AMENDED COMPLAINT, (2) DENYING ALL OF PLAINTIFF'S PENDING MOTIONS WITHOUT PREJUDICE (ECF Nos. 19, 20, 26, 27, 28, 29, 30, 31, 32, 35, 36, 38, 39, 40, 42), AND (3) PROHIBITING ALL ADDITIONAL FILINGS OTHER THAN A THIRD AMENDED COMPLAINT UNTIL FURTHER ORDER OF THE COURT</u>**

On September 26, 2025, Plaintiff Jeffrey Allred, proceeding *pro se*, filed this civil action against Defendants DaVita Grosse Pointe Dialysis Center and several other medical facilities and providers. (*See* Compl., ECF No. 1.) Allred's claims arise out of alleged mistreatment that Allred received while receiving dialysis care. (*See id.*) The Court reviewed Allred's Complaint and concluded that, as then pleaded, it did not state any plausible claims against the Defendants. (*See* Order, ECF No. 7.) Thus, on October 1, 2025, the Court directed Allred to file an Amended Complaint as follows:

> In [his] amended pleading, Allred shall include all factual allegations currently known to him that support his claims against the Defendants and that address the concerns that the Court raised above. In addition, for each Count that Allred seeks to bring against a particular Defendant, he shall plead facts showing, on a Defendant-by-Defendant basis, how that Defendant separately violated his rights with respect to that Count. Finally, to the extent that Allred seeks to bring constitutional claims against any Defendant, he shall plead facts showing how that Defendant acted under the color of state law. If Allred does not file an Amended Complaint as directed above, the Court will dismiss his current Complaint without prejudice.

(*Id.*, PageID.63.)

Allred filed what appeared to be an Amended Complaint on November 3, 2025. (*See* Am. Compl., ECF No. 21.) Allred then filed a second document that he also titled "Amended Complaint" on December 9, 2025. (*See* Sec. Am. Compl., ECF No. 24.) The Court will construe the December 9 Second Amended Complaint as the operative Complaint in this action because it is Allred's most-recently filed pleading.

Allred's Second Amended Complaint is difficult to follow. While, as directed, Allred did attempt to plead facts against each Defendant separately, it remains unclear from the Second Amended Complaint whether there is any legal basis for his federal claims. For example, Allred says that he is bringing claims against the Defendants for "constitutional violations" under "42 U.S.C. § 1983." (*Id.*, PageID.988, 990.) But nearly all of the case law that he cites in support of his

constitutional claims involves alleged constitutional violations committed by state actors. And Allred has failed to sufficiently allege that any of the Defendants here are state actors. Indeed, "[a] plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999)). It is likewise unclear what other federal claims Allred seeks to bring against the Defendants or the bases for those claims. It further appears that Allred has joined separate claims against separate Defendants that do not appear to be properly joined together. Finally, Allred has not yet persuaded the Court that there is any basis to exercise jurisdiction over his claims.

For all of these reasons, the Second Amended Complaint, as currently pleaded, does not state cognizable federal claims against the Defendants or state-law claims over which this Court has jurisdiction. However, the Court wants to provide Allred one final opportunity to attempt to plead viable claims before it dismisses this action. It therefore **GRANTS** Allred leave to file a Third Amended Complaint. In that pleading, each claim that Allred seeks to bring shall be included a separate Count. Then, in each Count, Allred shall (1) identify which Defendants are included in that Count, (2) plead facts showing, on a Defendant-by-Defendant basis, how that Defendant separately violated his rights with respect to that Count, and (3) if the Count involves an alleged constitutional violation, plead facts showing how that

3

Defendant acted under the color of state law. Allred shall file his Third Amended Complaint by no later than **January 30, 2026**. If Allred does not file a Third Amended Complaint as directed above, the Court will dismiss this action. Simply put, this is Allred's **final** opportunity to plead viable claims against the Defendants.

The Court understands that Allred does not have any legal training and that complying with the Court's directions above may be difficult without that training. It therefore encourages Allred to take advantage of the resources that are available to *pro se* litigants. *See* https://www.mied.uscourts.gov/index.cfm?pageFunction=prose. There are several free legal clinics listed on the Court's website that Allred may seek advice from, including the University of Detroit Mercy Law Federal *Pro Se* Legal Assistance Clinic. Allred may find it useful to seek that advice before filing his Third Amended Complaint.

Finally, Allred has filed several motions with the Court seeking various types of relief. (*See* Mots., ECF Nos. 19, 20, 26, 27, 28, 29, 30, 31, 32, 35, 36, 38, 39, 40, 42.) The Court **DENIES** all of those motions **WITHOUT PREJUDICE**. Unless and until Allred files a Third Amended Complaint that states cognizable claims against the Defendants, there are no viable claims pending in this action. And in the absence of any viable claims, the Court cannot grant him any relief on any of his motions. Moreover, Allred has not yet persuaded the Court that the relief he seeks in his motions is available and/or that it is appropriate to grant him that relief. For

all of these reasons, the Court declines to grant Allred any relief on his motions at this time. Allred shall not file any additional motions or any other filings with the Court other than the Third Amended Complaint until further order of the Court following its review of that amended pleading.

**IT IS SO ORDERED**.

                                                s/Matthew F. Leitman  
                                                MATTHEW F. LEITMAN  
                                                UNITED STATES DISTRICT JUDGE

Dated: December 18, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 18, 2025, by electronic means and/or ordinary mail.

                                                s/Holly A. Ryan  
                                                Case Manager  
                                                (313) 234-5126