UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY ALLRED,

      Plaintiff,

v.

DAVITA GROSSE POINTE
DIALYSIS CENTER, *et al.*,

      Defendants.

Case No. 25-cv-13047
Hon. Matthew F. Leitman

_____/

## ORDER (1) SUMMARILY DISMISSING CASE; (2) TERMINATING PLAINTIFF'S REMAINING MOTIONS (ECF Nos. 50, 51) AS MOOT; AND (3) CERTIFYING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH

On September 26, 2025, Plaintiff Jeffrey Allred, proceeding *pro se*, filed this civil action against Defendants DaVita Grosse Pointe Dialysis Center, DaVita State Fair Dialysis Center, DMC Harper Hospital, Corewell Health Beaumont Grosse Pointe Hospital, and Great Lakes LLC/Dialysis Care Center. (*See* Compl., ECF No. 1.) Allred's claims arise out of alleged mistreatment that Allred received while receiving dialysis care. (*See id.*) The Court reviewed Allred's Complaint and concluded that, as then pleaded, it did not state any plausible claims against the Defendants. (*See* Order, ECF No. 7.) The Court also noted that the Complaint "suffers from a fatal group pleading problem." (*Id.*, PageID.62.) The Court explained that "Allred seeks to bring claims against five different Defendants, but

1

he has not included any allegations against any individual Defendant in particular. Instead, he refers to all of the Defendants collectively.  Thus, it is impossible for the Court to determine which Defendant is alleged to have committed which act of alleged misconduct." (*Id.*)

Thus, on October 1, 2025, the Court directed Allred to file an Amended Complaint as follows:

> In [his] amended pleading, Allred shall include all factual allegations currently known to him that support his claims against the Defendants and that address the concerns that the Court raised above.  In addition, for each Count that Allred seeks to bring against a particular Defendant, he shall plead facts showing, on a Defendant-by-Defendant basis, how that Defendant separately violated his rights with respect to that Count.  Finally, to the extent that Allred seeks to bring constitutional claims against any Defendant, he shall plead facts showing how that Defendant acted under the color of state law.  If Allred does not file an Amended Complaint as directed above, the Court will dismiss his current Complaint without prejudice.

(*Id.*, PageID.63.)

Allred filed what appeared to be an Amended Complaint on November 3, 2025. (*See* Am. Compl., ECF No. 21.)  Allred then filed a second document that he also titled "Amended Complaint" on December 9, 2025. (*See* Sec. Am. Compl., ECF No. 24.)  That document added several additional medical facilities and providers as Defendants. (*See id.*)  The Court construed the December 9 Second Amended Complaint as the then-operative Complaint in this action, reviewed it, and concluded

2

that that Complaint also did not state cognizable claims against the Defendants. (*See*

Order, ECF No. 44.)  The Court explained its decision as follows:

> Allred's Second Amended Complaint is difficult to
> follow.  While, as directed, Allred did attempt to plead
> facts against each Defendant separately, it remains unclear
> from the Second Amended Complaint whether there is any
> legal basis for his federal claims.  For example, Allred says
> that he is bringing claims against the Defendants for
> "constitutional violations" under "42 U.S.C. § 1983." (*Id.*,
> PageID.988, 990.)  But nearly all of the case law that he
> cites in support of his constitutional claims involves
> alleged constitutional violations committed by state
> actors.  And Allred has failed to sufficiently allege that any
> of the Defendants here are state actors.  Indeed, "[a]
> plaintiff may not proceed under § 1983 against a private
> party 'no matter how discriminatory or wrongful' the
> party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th
> Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v.
> Sullivan,* 526 U.S. 40, 50 (1999)).  It is likewise unclear
> what other federal claims Allred seeks to bring against the
> Defendants or the bases for those claims.

(*Id.*, PageID.1826-1827.)  The Court added that "Allred has joined separate claims

against separate Defendants that do not appear to be properly joined together." (*Id.*,

PageID.1827.)

The Court granted "Allred one final opportunity to attempt to plead viable

claims before it dismisses the action." (*Id.*)  It specifically directed Allred to do the

following:

> In that pleading, each claim that Allred seeks to bring shall
> be included a separate Count. Then, in each Count, Allred
> shall (1) identify which Defendants are included in that
> Count, (2) plead facts showing, on a Defendant-by-

3

> Defendant basis, how that Defendant separately violated his rights with respect to that Count, and (3) if the Count involves an alleged constitutional violation, plead facts showing how that Defendant acted under the color of state law.

(*Id.*, PageID.1827-1828.)

Noting that Allred "does not have any legal training and that complying with the Court's directions above may be difficult without that training," the Court also directed Allred to several free resources for legal assistance available to *pro se* litigants. (*Id.*)

On January 27, 2026, Allred filed a Third Amended Complaint. (*See* Third Am. Compl., ECF No. 45.)  He no longer brings constitutional claims under 42 U.S.C. § 1983; rather, he now brings two claims against all Defendants[1] under the Americans with Disabilities Act (the "ADA") and one claim against a subset of the Defendants under the Emergency Medical Treatment and Labor Act (the "EMTALA"). (*See id.*)  While his Third Amended Complaint therefore does not have the same state-actor problem as his Second Amended Complaint, it still does not comply with several of the Court's instructions or with the pleading requirements

---

[1] In his Third Amended Complaint, Allred lists the following Defendants: DaVita Grosse Pointe Dialysis Center, DaVita State Fair Dialysis Center, Great Lakes LLC d/b/a Dialysis Care Center, DMC Harper University Hospital, Corewell Health Beaumont Grosse Pointe Hospital, Henry Ford Hospital, and Oak Street Health – Jefferson Avenue Clinic. (*See* Third Am. Compl., ECF No. 45, PageID.1830-1831.) He no longer names any individuals as Defendants. (*See id.*)

4

under the Federal Rules of Civil Procedure.  Even when construed liberally, as *pro se* pleadings must be, Allred's Third Amended Complaint is materially flawed in several respects.

First, Allred's Third Amended Complaint reverts to group pleading.  He does not identify any specific act or omission by any particular Defendant in his Complaint.  Rather, each factual allegation involving Defendants refers to the seven different corporate Defendants as a single entity – e.g., "Defendants engaged in adverse actions including creating and disseminating a false 'violent threat' label, isolating Plaintiff, denying or delaying dialysis, forcing reliance on emergency departments, and subjecting Plaintiff to hostility and intimidation." (*Id.*, PageID.1835.)  As the Court previously explained to Allred, such group pleading is impermissible. *See Ahmed v. Sch. Dist. of City of Hamtramck*, No. 22-cv-11127, 2024 WL 4234641, at *3 (E.D. Mich. Aug. 26, 2024) (appeal docketed) ("Plaintiff's failure to allege individual involvement prevents the Court from assessing the plausibility of her claims and strips the individual [] Defendants of an opportunity to assess their potential liability"); *see also Jefferson v. Fenech*, No. 18-12811, 2020 WL 7353517, at *4 (E.D. Mich. Dec. 15, 2020) ("[I]n the Sixth Circuit, grouping all defendants together collectively and providing no factual basis to distinguish each defendants' conduct does not satisfy the *Twombly/Iqbal* fair notice pleading

standard.") (citing *Marcilis v. Twp. Of Redford*, 693 F.3d 589, 596–97 (6th Cir. 2012)).

Second, Allred's Third Amended Complaint improperly joins the Defendants in this action.  The Defendants may not be joined in this one action because Allred's claims against them do not arise "out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A).  The Defendants are separate medical providers who allegedly treated Allred at different times in different locations, and Allred does not allege that they acted in concert against him.[2]

Finally, several of Allred's claims in his Third Amended Complaint are entirely conclusory.  For example, he writes that "Defendants failed to make reasonable modifications to policies and practices as required by 42 U.S.C. § 12182(b)(2)(A)(ii)." (Third Am. Compl., at ¶ 25, ECF No. 45, PageID.1837.)  But he does not describe any of the Defendants' policies or practices, nor what modifications are required.

The Court has given Allred three chances to file a Complaint that states viable claims against Defendants and has instructed him in detail on how to do so and on where to seek help if needed, but he has failed to file a Complaint that states any

---

[2] The Court recognizes that misjoinder, standing alone, is not a basis for dismissing an action. *See* Fed. R. Civ. P. 21.  The Court notes Allred's misjoinder of parties above simply as an example of an uncured flaw in Allred's pleadings.  The dismissal of Allred's Third Amended Complaint is based upon Allred's failure to state any viable claims against any particular Defendant.

6

viable claims.  The Court therefore **SUMMARILY DISMISSES** this case.  Allred's

outstanding motions on the docket (ECF Nos. 50, and 51) are **TERMINATED AS**

**MOOT**.

Moreover, the Court concludes that any appeal from this decision cannot be

taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S.

438, 445 (1962).

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  April 14, 2026

I hereby certify that a copy of the foregoing document was served upon the
parties and/or counsel of record on April 14, 2026, by electronic means and/or
ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126